IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Zachary Vincent Miller, #291301          )
                                         )   Civil Action No.8:08-3729-GRA-BHH
                    Petitioner,          )
                                         )
            v.                           )   **REPORT AND RECOMMENDATION**
                                         )   **OF MAGISTRATE JUDGE**
Levern Cohen, Warden of                  )
Ridgeland Correctional Institution,      )
                                         )
                    Respondent.          )

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 15.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on November 7, 2008.[1] On April 22, 2009, the respondent moved for summary judgment. By order filed April 23, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 26, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

## I. PROCEDURAL HISTORY/FACTS

The petitioner is currently confined at the Ridgeland Correctional Institution. In July 2004, the petitioner was indicted for possession of crack cocaine with intent to distribute.

---

[1] The docket reflects that the petition was hand delivered to the Court. Therefore, the petitioner is not entitled to the application of the holding in *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

Then, in November 2004, the petitioner was indicted for failure to stop for a blue light and in March 2005, he was indicted for criminal domestic violence ("CDV") of a high and aggravated nature and two counts of possession with intent to distribute ("PWID") crack cocaine. The petitioner was represented by William Godfrey, Esquire, on these charges. The petitioner pled guilty and was sentenced by the honorable Edward W. Miller to ten years for each of the three drug charges, to run concurrently. The petitioner was sentenced to time served for the CDV charge and three years for the failure to stop charge, to run concurrently to the sentences for the drug charges. The petitioner did not file a direct appeal.

On December 29, 2005, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief, quoted verbatim:

> a) Applicant's conviction and sentence was obtained unlawfully in violation of the 14th Amendment to the United States Constitution, as it resulted from a plea of guilty that was not entered knowingly, intelligently and voluntarily, with sufficient awareness of the relevant circumstances and the likely consequences of the plea;
>
> b) Applicant's sentence violated the Due Process and Equal Protection Clauses of the 14th Amendment to the United States Constitution, and Article I, § 3 of the South Carolina Constitution, as it resulted from an unconstitutional portion of a State statute which deprived him of rights, privileges, and immunities enjoyed by other citizens similarly situation; and
>
> c) Applicant's sentence violates the Due Process and Equal Protection Clauses of the 14th Amendment to the United States Constitution, and Article I, § 3 of the South Carolina Constitution, as it resulted from

(App. 53-67.)[2] On April 18, 2006, an evidentiary hearing was held before the Honorable James E. Lockemy. (App. 75-102.) The petitioner was present and was represented by Maurice McNab, Esquire. *Id.* On May 19, 2006, Judge Lockemy denied and dismissed the

---

[2]As to the first issue raised in his PCR application, the petitioner elaborated on it in a memorandum attached to his petition so as to add that he was alleging counsel was ineffective in advising him to pled guilty. (App. 55.)

2

petitioner's application for PCR. (App. 103-108.) On June 7, 2006, the petitioner filed a pro se Rule 59(e) or 60(b) motion in which he asserted that his second and third grounds for relief were not ruled upon by the PCR Court. This motion was never ruled upon by the PCR Court. On June 6, 2006, the petitioner also filed a notice of appeal.

On appeal, the petitioner was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense Division of Appellate Defense. On January 3, 2007, the petitioner filed a *Johnson*[3] petition raising the issue of whether trial counsel erred in failing to explain sentencing consequences in the case. The petitioner also filed a *pro se* amended petition for writ of certiorari in which he asserted that the trial court erred in failing to explain sentencing consequences in the case and he had been denied due process and equal protection.

In an order dated December 19, 2007, the South Carolina Supreme Court transferred the petitioner's appeal to the South Carolina Court of Appeals. In an Order filed May 14, 2008, the South Carolina Court of Appeals, denied the petition for writ of certiorari and granted counsel's request to withdraw. The remittitur was sent down on May 30, 2008.

In this habeas action, the petitioner raises the following grounds for relief:

> **Ground One:** Guilty Plea, Ineffective Assistance of Counsel: Petitioner pled guilty on the basis of promises by his counsel which were not fulfilled. This violated the Petitioner's right to Due Process of law, as guaranteed by the Fourteenth Amendment to the U.S. Constitution. *See: Santobello v. New York*, 404 U.S. 257 (1971).
>
> **Supporting Facts:** the Petitioner, herein, plead guilty upon advice of counsel that if he entered a plea to all charges, that he would receive a sentence of no less than three (3) years and no more than Five (5) years. However, Petitioner stood before the trial judge in question and received a Ten (10) year sentence upon which he is to serve a minimum 85% of said sentence. Petitioner submits that but for erroneous advice of counsel, he would not have entered a plea and would have insisted on proceeding to trial.

---

[3]*Johnson v. State*, 364 S.E.2d 201 (S.C.1988) (applying the factors in *Anders v. California,* 386 U.S. 738 (1967) to post-conviction appeals).

3

> **Ground Two:** Unequal Enforcement of Application: Petitioner's sentence violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution as it resulted from an unequal enforcement of State statutes, which deprived him of rights, privileges, and immunities, enjoyed by other citizens similarly situated. *Yick Wo v. Hopkins,* 118 U.S. 356 (1886).
>
> **Supporting Facts:** The Petitioner here entered pleas of guilty to, non-violent narcotic offenses, pursuant to S.C. Code of Law §24-13-100. The Petitioner's offenses were classified as "non-paroleable offenses". However, other nonviolent offenders similarly situated are afforded parole consideration. The statues in question have been unequally applied to Petitioner's non-violent offenses, which resulted in him being treated differently from other similarly situated, non-violent offenders, who are under the same non-violent circumstances like the Petitioner is.
>
> **Ground Three:** Violation of Due Process and Equal Protection: the Petitioner's No parole sentence resulted from conflicting State statutes: Petitioner's non-paroleable sentence violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, as it resulted form conflicting portions of state statutes. See: Dunn v. U.S., 99 S.Ct. 2192 (1979).
>
> **Supporting Facts:** The Petitioner was sentenced based upon an offense, S.C. Code of Law §44-53-375(B)(1), that had several sub-parts. One section, Section "D" dealt specifically with the ability of the Court to suspend sentences under the statute, it also clearly explained parole eligibility. Based on this the Petitioner's offenses were exempted from classification, as non-paroleable. The section specifically stated that only mandatory and mandatory-minimum offenses were non-paroleable under this statute. Mandatory and mandatory-minimum offenses are violent drug offenses, such as drug trafficking offense. The Respondent uses a general statute that conflicts with the provisions of S.C. Code of Law §44-53-750(D) in that §24-13-100 classifies offenses considered to be (A), (B), and(C) felony offenses, that are punishable by 20, or more years, imprisonment, is non-paroleable.

(Habeas Pet. and Attach.) On March 20, 2009, the petitioner filed a second PCR application in State court which is currently pending. (Dkt. # 16-12.) In this PCR, he seeks

a belated direct appeal on the ground that his plea counsel was ineffective for failing to file a direct appeal after the petitioner had requested he do so.[4]

## II. **APPLICABLE LAW**

### A. Summary Judgment Standard

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

---

[4] Apparently, the petitioner is seeking review pursuant to *White v. State,* 208 S.E.2d 35 (S.C.1974), in which the South Carolina Supreme Court held that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition for review of direct appeal issues.

allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**B. HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

6

## C. Exhaustion and Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

I. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to

raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has

8

clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

iii. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause

9

and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### III. DISCUSSION

**Ground One**

In Ground One, the petitioner alleges that his counsel was ineffective. He claims that plea counsel told him that he would receive a sentence of between three and five years, but he was actually sentenced to ten years. The PCR Court denied the petitioner relief on this claim.

10

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Court held that to establish ineffective assistance of counsel, the petitioner first "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, i.e. "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689. Further, with respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Here, the PCR Court also found the petitioner failed to establish either prong of *Strickland.* (App. 107.) The PCR Court found plea counsel had adequately conferred with the petitioner, conducted a proper investigation, and was thoroughly competent in his representation. (App. 106.) The PCR Court noted that, as a result of plea counsel's efforts, the CDV of a high and aggravated nature charge was dropped to a simple CDV and at least four additional charges were dismissed. (App. 107). Further, the PCR Court noted the petitioner pled guilty to third offenses of four drug charges and only received an aggregate ten year sentence. *Id.* The petitioner was facing a maximum of thirty years on each of those charges. *Id.*

During the PCR hearing, plea counsel testified that the petitioner wanted to receive a three to five year sentence, but that plea counsel testified that he never told the petitioner

11

he could expect that sentence, and that the petitioner understood he was pleading guilty without a recommendation. (App. 94.) Plea counsel also testified that he asked the judge for a five to seven year sentence. *Id.* Plea counsel told the petitioner he would have to serve 85% of his sentence, and that this was mentioned twice by plea counsel during the plea. (*Id.*; App. 51; 52.) The PCR Court specifically found the testimony of the petitioner's plea counsel to be more credible that the petitioner's testimony. (App. 106.) The PCR court's determination regarding the credibility of the petitioner's and trial counsel's testimony is entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003).

First, the petitioner cannot show that trial counsel was deficient in his advice on sentencing. Other than his own testimony, the petitioner did not present any evidence to establish that plea counsel promised him he would receive a three to five-year sentence. As noted above, the PCR Court found that the petitioner's testimony was not credible. (App. 106). Further, reviewing the guilty plea, the petitioner did not mention any promise to the plea court. When asked by the plea court whether anyone had forced him, coerced him, threatened him, or promised him anything in order to get him to plead guilty, the petitioner replied, "No." (App. 33). The petitioner was also made aware that the State made no recommendation on sentencing. (App. 48.) Thus, the record does not support the petitioner's allegation that there was an agreement that he would receive a three to five-year sentence.

The petitioner also failed to establish any prejudice as a result of any alleged advice plea counsel gave on sentencing. After the petitioner was informed by the plea court of the maximum penalties that he faced on all of the pending charges (App. 27-28), the petitioner informed the plea court that he wanted to plead guilty. (App. 32.) Furthermore, the petitioner was facing at least 120 years on the charges to which he pled guilty, and, as noted above, several other charges were dismissed prior to the plea or the CDV was reduced to a lesser degree.

12

The petitioner has failed to establish that the PCR Court's dismissal of his ineffective assistance of counsel claim was an unreasonable application of federal law. The petitioner also fails to establish that the PCR Court's findings were the result of an unreasonable determination of the facts. Accordingly, this claim should be dismissed.[5]

To the extent that the petitioner has raised a due process claim under *Santobello v. New York,* 404 U.S. 257 (1971), this claim also lacks merit. In *Santobello,* the United States Supreme Court held "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. The holding of *Santobello* is simply inapplicable to the petitioner's case. As noted above, there was not any testimony or other evidence that to indicate that the prosecution ever offered the petitioner a specific sentence or deal in return for his guilty plea. In fact, the petitioner admitted this at the plea hearing. (App. 33-35) Accordingly, this claim should also be dismissed.

**Grounds Two and Three**

In Grounds Two and Three, the petitioner contends that his sentence and the resulting ineligibility for parole until he has served 85% of his sentence violate due process and the equal protection clauses. The petitioner also alleges that he is being denied parole, work credits, and educational credits based upon his parole ineligibility. (Mem. Supp. Habeas Pet. at 4.)

Initially, the respondent contends that the issue raised in the Grounds Two and Three were not properly exhausted and are now procedurally barred. The issues alleged in

---

[5] To the extent that the petitioner alleges his plea was involuntary, the undersigned finds this claim is also without merit. "The imposition of a sentence may have a number of collateral consequences, however, and a plea of guilty is *not* rendered involuntary in a constitutional sense if the defendant is not informed of the collateral consequences." *Brown v. State,* 382-83, 412 S.E.2d 399, 400 (S.C.1991)(emphasis in original). Thus, a defendant need not be advised of all collateral consequences of his or her plea in order for the plea to withstand constitutional scrutiny. *Id.*

13

Grounds Two and Three were raised in the petitioner's PCR application. However, neither claim was ruled upon by the PCR Court. The petitioner filed a pro se Rule 59(e) and 60(b) motion which the PCR Court never ruled upon.

In *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007), the South Carolina Supreme Court clarified that if a PCR court's order summarily dismisses grounds without making factual findings and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003), and collateral counsel does not make a SCRCP Rule 59(e) motion to correct the error in the order, then the issues are not preserved for appeal. *Id.* (*citing Humbert v. State*, 548 S.E.2d 862 (S.C. 2001); *Pruitt v. State,* 423 S.E.2d 127 (S.C. 1992)). The respondent contends that these claims are procedurally barred because the petitioner was represented by counsel and his pro se motion was not a properly filed motion. This court declines to say that these issues are procedurally barred solely because they were not included in a Rule 59 (e) motion filed by counsel, but only in a pro se Rule 59 (e) motion. *See Henson v. Cartledge*, 2009 WL 2778260 (D.S.C. 2009).

However, as pointed out by the PCR court during the PCR hearing, the issues raised in Grounds Two and Three are not proper claims in a PCR proceeding. The petitioner is not making a collateral attack on his sentence that would bring his claim under the PCR Act. Rather, the petitioner is trying to attack a collateral consequence of his sentence. Even if the petitioner is successful on his claim, while it may affect the duration of the sentence, his challenge would not affect the validity of the underlying conviction or sentence. *See* Plyer v. South Carolina, 2007 WL 858870 (D.S.C. 2007)(unpublished); *Cooper v. State,* 525 S.E.2d 886 (S.C. 2000). Claims regarding sentence-related credits and attacks on the decisions of parole boards are not included in S.C. Code Ann. § 17-27-20(a) and are not proper PCR claims. *Al- Shabazz v. State,* 367, 527 S.E.2d 742, 749 (S.C. 2000)(holding that the PCR process is restricted to collateral attacks challenging the validity of a conviction or sentence, except for two non-collateral matters specifically listed in the PCR Act, and that

14

an inmate may obtain review of the SCDC's final decision in non-collateral or administrative matters under the Administrative Procedures Act in the manner outlined therein).[6] Accordingly, the claims in Ground Two and Three should be dismissed.

## IV. **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 15) be GRANTED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

_Bruce H. Hendricks_
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

September 22, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

---

[6] In *Coats v. State*, 575 S.E.2d 557 (S.C.2003), the court held that a claim similar to the petitioner's claim was appropriate for PCR because he alleged that counsel was ineffective for improperly advising him that he would be parole eligible. However, here, the petitioner did not raise his claim in the context of an ineffective assistance of counsel claim.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).