IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Zachary Vincent Miller, #291301, | ) ) ) |
| Petitioner, | ) Civil Action No. 8:08-cv-3729-GRA ) ) |
| v. | ) **ORDER** ) |
| Levern Cohen, Warden, Ridgeland Correctional Institution, | ) ) ) ) ) |
| Respondent. | ) ) |

This matter comes before the Court upon Petitioner's Objections to the Magistrate Judge Hendricks' Report and Recommendation. Petitioner filed for relief under 28 U.S.C. § 2254, on November 7, 2008. Respondent filed a Motion for Summary Judgment on April 22, 2009. On April 23, 2009, the magistrate judge, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the procedure and possible consequences if he failed to respond. Petitioner filed a Response in opposition to Respondent's motion on June 26, 2009.

On September 22, 2009, the magistrate issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and that the petition be dismissed with prejudice. On October 13, 2009, Petitioner filed objections to the Report and Recommendation. For the reasons stated herein, this Court accepts the recommendation of the magistrate, GRANTS Respondent's motion

for summary judgment, and DISMISSES the petition with prejudice.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner makes four objections to the magistrate's report. This Court will address each one in turn.

Petitioner's first objection states that the "[m]agistrate incorrectly concludes that Petitioner has not exhausted states remedies and procedurally barred his claims in Grounds Two and Three," arguing that he filed a pro se Rule 59(e) motion. However, the magistrate did not state that Grounds Two and Three were procedurally barred for this reason. In fact, the magistrate specifically stated that "[t]his court declines to say that these issues [Grounds Two and Three] are procedurally barred solely because they were not included in a Rule 59(e) motion filed by counsel, but only in a pro see Rule 59(e) motion." (Mag. Rep. and Recomm. at 14). The magistrate dismissed Petitioner's claims on separate grounds. Therefore, this objection is without merit.

Petitioner objects to the magistrate conclusion that the Petitioner is not making a collateral attack on his sentences and that Grounds Two and Three are not proper PCR claims. Petitioner is merely rearguing claims found in earlier memorandums and responses, as he indirectly admits by directing this Court to earlier documents filed in this case. Therefore, this Court does not have to address this objection.

Petitioner then objects to the magistrate stating that he receives parole after he has served 85 percent of his sentence. Petitioner states that he is serving a non-parole eligible sentence. While Petitioner is correct, this error by the magistrate does not alter the ultimate result. Therefore, this objection is irrelevant.

Petitioner's final objection is that the magistrate misconstrues the holding in *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Petitioner's objection is unfounded as

the Report and Recommendation gives the correct disposition of *Marlar*. The magistrate stated, in discussing the *Marlar* decision, that "if a PCR court's order summarily dismisses grounds without making factual findings of law as required by S.C. Code Ann. § 17-27-80 (2003), and collateral counsel does not make a SCRCP Rule 59(e) motion to correct the error in the order, then the issues are not preserved for appeal." (Mag. Rep. and Recomm. at 14.) This is the correct pronouncement of the holding in *Marlar*. Therefore, Petitioner's objection is meritless.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based on the foregoing, the Respondent's Motion for Summary Judgment is GRANTED and the petition DISMISSED with prejudice.

IT IS SO ORDERED.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
October __22__, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.